*Elizabeth SALO, Plaintiff
vs.
Dominic TESSICINI, Defendant

No. CA75-2323

Superior Court
Commonwealth of Massachusetts

October 13, 1981

Vincent P. Callahan, Jr., counsel for plaintiff.
Richard C. Driscoll, counsel for plaintiff.
Edward I. Modiste, counsel for defendant.

## REVISED MEMORANDUM OF DECISION, FINDINGS, RULING AND ORDER FOR DECREE

### FACTUAL BACKGROUND

Suit was brought on November 5, 1975 on behalf of the plaintiff seeking treble damages in accordance with G.L. c. 214, sec. 3A. On October 7th the plaintiff obtained a temporary restraining order prohibiting the defendant from the unauthorized use of the plaintiff's wedding pictures taken on August 23, 1975.

The plaintiff alleges that on January 3, 1975 she contracted with the defendant, a professional photographer, to take photographs of her wedding which was scheduled to take place in Canton on August 23, 1975. On or about October 7th the plaintiff testified that she received a call from the defendant that the proofs of her wedding pictures were ready and that in the presence of her husband she told the defendant that he could not use any of the wedding pictures for advertising purposes.

On October 22, 1975 the plaintiff alleges that the defendant caused to be published in a newspaper called "The Shoppers Guide" five wedding photographs taken at her wedding on August 23rd (Exhibit #1). The Shoppers Guide is a weekly publication mailed free to every home in Canton, Sharon, Stoughton, Randolph and Avon. The plaintiff further alleges that again on October 29, 1975 the defendant caused to be published in The Shoppers Guide a photograph of the plaintiff and her husband cutting the bridal cake. This photograph appeared on the front page of the October 29, 1975 publication (Exhibit #2). The plaintiff seeks damages from the defendant for the unauthorized use of the wedding photographs, claiming that the defendant used her pictures deliberately for advertising and trade purposes in violation of G.L. c. 214, sec. 3A.

### FINDING

G.L. c. 214, sec. 3A states that any person whose name or portrait is used for advertising purposes or for the purposes of trade without his or her written consent may recover damages for injuries sustained, and if **knowingly** used in such a manner as is prohibited or unlawful, the court, in its discretion, may award the plaintiff treble the amount of the damages sustained.

Although the defendant admitted having inserted the plaintiff's wedding photographs taken by him on August 23rd in the October 22, 1975 issue of The Shoppers Guide, he contends that its insertion was for news only and not for the advertising of his product or for any trade purposes. The defendant admitted on the stand that he never asked the plaintiff for permission to submit her wedding pictures for publication in The Shoppers Guide. The publication of October 22, 1975 (Exhibit #1) contained a credit line "Photos by Dom Tessicini".

The Court finds that the publication of the plaintiff's wedding pictures in the October 22 and 29, 1975 issues of The Shoppers Guide was not an incidental publication of the plaintiff's wedding pictures but a knowingly and deliberate use of those pictures to exploit their value for trade purposes, **i.e.,** to benefit the defendant whose name appeared in the publications as the photographer. See, **Tropeano v. Atlantic Monthly Co.,** 400 N.E. 2nd 847 (1980).

The Court finds the publication of the wedding photographs discredited the plaintiff in the minds of a considerable and respectable segment in the community of Canton where she resided all her life and where her family is well known, in that she was held up to ridicule, loss of reputation and the alienation of friends. Although the Court finds that the publication of her wedding pictures in The Shoppers Guide did not result in the termination of her employment at the Stoughton District Court or was the cause of her divorce two years later, the Court finds that she did suffer emotional distress, mental anguish and embarrassment, resulting in an increase of

her blood pressure requiring medical attention.

Accordingly, the Court finds for the plaintiff and awards her treble damages in the total amount of $3000.00 plus interest from November 5, 1975, the day of the filing of her complaint.

By the Court
Herbert Abrams
Justice of the Superior Court